UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY IRELAND *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SOLARIS ENTERPRISE, LLC *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-CV-902-JLS(WVG)<br><br>**ORDER ON EX PARTE PETITION TO CONFIRM MINOR'S COMPROMISE** |

On April 8, 2022, the parties' settled this matter at a Mandatory Settlement Conference. Pending before the Court is Plaintiffs' unopposed *Ex Parte* Petition to Confirm Minor's Compromise ("Petition") filed on April 19, 2022. (Doc. No. 28.) Despite Defendant's failure to comply with the Court's Chamber Rules re *Ex Parte* applications and the requirements to file an opposition or notify the court by April 20, 2022 of Defendant's need for additional time to file an opposition, the Court accepts Plaintiff's Petition for review of fairness of the settlement for Minor G.I. Having reviewed and considered the Petition, the Court GRANTS the Petition and ORDERS as follows.

**I.      RELEVANT BACKGROUND**

Plaintiffs alleged violations of the Fair Housing Act ("FHA"), California Fair Employment and Housing Act ("FEHA"), California Civil Code § 1942.5, and negligence alleging Defendant Solaris Enterprises, LLC and Defendants David Zhu (collectively

"Defendants") enforced rules at their apartment complex which prohibited tenants, including Plaintiff Tiffany Ireland and her minor son G.I., from having emotional support animals. (Doc. No. 1.) The parties reached resolution and settled on April 8, 2022, at a Mandatory Settlement Conference. (Doc. No. 26.)

## II.     DISCUSSION

The Court's consideration as to the fairness of the proposed settlement agreement is informed by Rule 17(c) of the Federal Rules of Civil Procedure. Rule 17(c) "provides, in relevant part, that a district court 'must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Fed.R.Civ.P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)); see also *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("… a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected ... even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). Further, Civil Local Rule 17.1 provides "[no] action by or on behalf of a minor ... will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." Civ. L. R. 17.1.

In cases involving the settlement of a minor's federal claims, courts narrow their scope of review to the question of "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

The Court has reviewed the terms of the Parties' proposed settlement agreement and

finds it fair and reasonable in comparison to settlement amounts approved in similar cases. For example, in *Angstman v. Carlsbad*, the district court approved a settlement of $750 for each minor plaintiff in a case involving allegations of discrimination under the Fair Housing Act ("FHA"), California Fair Employment and Housing Act ("FEHA"), negligence, and Unruh Act. *Angstman v. Carlsbad Seapoint Resort II, L.P.*, No. 11CV62 L(WMC), 2011 WL 13356101, at *2 (S.D. Cal. Aug. 30, 2011). Similarly, in *Faustino v. Central SDHC FHA LLC,* another case in this District, the court approved a settlement granting $3,000 to each minor plaintiff for Defendants' alleged violations of the FHA, FEHA, negligence, and California Unfair Competition Law due to discrimination and restriction of minor children in common areas. *Faustino v. Cent. SDHC FHA LLC*, No. 16-CV-2326-BAS-AGS, 2018 WL 1510544, at *1-2 (S.D. Cal. Mar. 27, 2018). The settlement amounts were to be placed into blocked accounts, opened solely for the purpose of benefiting the minor plaintiffs, and could not be accessed by anyone other than the minor plaintiffs when they reached the age of majority. *Id.* at *2. In this case, the proposed settlement amount to minor G.I. amounts to $10,000 after attorney's fees and expenses have been deducted from settlement. (Doc. No. 28 at 3.) The payment to minor G.I. will be placed into an interest-bearing, federally insured blocked account, which cannot be accessed by anyone without a Court order until the respective minor plaintiff reaches the age of majority. (Doc. No. 28-2, ¶ 4.) The proposed settlement amount is well within the range of settlement amounts approved for similar cases.

### III.  CONCLUSION

The Court GRANTS Plaintiff's *Ex Parte* Petition finding the settlement amount and structure to be fair and reasonable.

**IT IS SO ORDERED.**

DATED: April 27, 2022

Hon. William V. Gallo
United States Magistrate Judge